United States District Court
Southern District of Texas
**ENTERED**
July 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANA WAHLQUIST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00050 |
| | § | |
| MCCONNELL UNIT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Dana Wahlquist, having paid the filing fee and proceeding *pro se*, is a Texas prisoner presently confined at the TDCJ's McConnell Unit in Beeville, Texas. Plaintiff's handwritten letter was docketed as prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's case be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

Plaintiff's letter-complaint, which incorporates certain attachments, appears to allege various claims against jail administrators of the McConnell Unit. (D.E. 1, pp. 6-10). His primary claim appears to be that the jail administrators are violating his civil rights, as well as several Texas statutes, by confining him in a small cell with another inmate. He

also appears to claim that his confinement in this manner has resulted in several sexual assaults.

On May 5, 2022, due to the difficulty encountered in evaluating Plaintiff's claims as presented in his letter-complaint, the undersigned ordered Plaintiff to submit within thirty (30) days an Amended Complaint on a proper prisoner civil rights form. (D.E. 12). The undersigned directed the Clerk of the Court to send Plaintiff a § 1983 form complaint. The undersigned provided Plaintiff with instructions in filling out the form, naming the defendants he intends to sue, and answering several questions with respect to each defendant named in his Amended Complaint. (*Id.* at 2-3). Lastly, Plaintiff was warned that his "[f]ailure to comply with each of [the Order's] instructions, including submitting the Amended Complaint in a timely manner, may result on the dismissal of this action for want of prosecution and for failure to comply with court orders." (*Id.* at 3).

Plaintiff filed two responses to the May 5, 2022 Order. (D.E. 13, 15). In his first response, Plaintiff indicated that he seeks to file a criminal complaint instead of a civil complaint. (D.E. 13, p. 1). He then asked the Court to send him the proper "criminal form." (*Id.*). In both responses, Plaintiff complained that the wording of the § 1983 form complaint is "stacked" against him and that it was impossible for him to fill out the form truthfully because the University of Texas Medical Branch has refused to release certain information to him. (D.E. 13, p. 1; D.E. 15, p. 1). Plaintiff also complained about the undersigned's authority to enter orders on case management matters in this case. (D.E. 15, p. 1).

By Order entered on June 13, 2022, the undersigned explained that: (1) Plaintiff may not file a criminal complaint in this Court; and (2) pursuant to 28 U.S.C. § 636(b), this case was properly referred to the undersigned for case management and to furnish a recommendation on any dispositive matters. (D.E. 16, pp. 2-3). The undersigned again directed Plaintiff to: (1) prepare his Amended Complaint on a proper § 1983 form; (2) answer the questions posed in the May 5, 2022 Order to the best of his ability; (3) attach any additional pages to the § 1983 form complaint as necessary to answer the questions posed and otherwise explain the factual basis of his claims; and (4) submit his Amended Complaint on or before July 8, 2022. (*Id.* at 4).

Plaintiff was reminded that, pursuant to Rule 41(b), "his failure to comply with each of the instructions set forth in both this Order and the May 5, 2022 Order, including submitting the Amended Complaint in a timely manner, may result in the dismissal of this action for want of prosecution and for failure to comply with court orders." (*Id.*). In response to the June 13, 2022 Order, Plaintiff filed a three-page Amended Complaint, which was not prepared on a § 1983 form complaint. (D.E. 17).

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*,

756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.,* 589 F.2d 243, 247-48 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978).

This action is subject to dismissal under Rule 41(b) because Plaintiff has failed to comply with Court orders in several respects. In response to the undersigned's initial May 5, 2022 Order, Plaintiff failed to submit as directed his claims on a § 1983 form complaint. Rather, Plaintiff filed two responses where he complained without any coherent basis that the § 1983 form complaint was "stacked" against him. (D.E. 13, p. 1; D.E. 15, p. 1).

When Plaintiff was provided another opportunity to submit an Amended Complaint, Plaintiff again failed to comply with the Court's detailed instructions set forth in the May 5 and June 13, 2022 Orders (D.E. 12, 16). First, Plaintiff failed to prepare his Amended Complaint on a § 1983 form complaint. (D.E. 17). Next, Plaintiff failed to identify any defendants or otherwise answer any one of the questions posed to him in the May 5, 2022 Order. Plaintiff wholly failed to allege specific facts in his Amended Complaint describing specific actions by prison officials which purportedly violated his constitutional rights.

Plaintiff provides no basis to justify his refusal to present his claims on a § 1983 form complaint. He argues that he needs certain camera footage from various prison facilities in order to properly fill out the prisoner civil rights form. (D.E. 17, p. 2). Plaintiff,

however, does not need such evidence in his possession before pleading his case in an amended complaint. Plaintiff has not demonstrated any obstacles to him either: (1) identifying the appropriate defendants to sue in this action, even by designating such defendants as "John or Jane Does" should he not know their names at this time; or (2) setting forth a factual basis for his claims by presenting his detailed version of events.

### III. RECOMMENDATION

For the reasons discussed above, Plaintiff's Amended Complaint (D.E. 17) fails to comply with Court orders. Plaintiff has been previously warned in the May 5 and June 13, 2022 Orders that this action may be dismissed for want of prosecution and for failure to comply with Court orders. (D.E. 12, 16). Dismissal is therefore warranted under these circumstances. *See Larson*, 157 F.3d at 1031. Accordingly, the undersigned respectfully recommends that Plaintiff's consolidated action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on July 8, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).